IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

**955·15**

Ross Allen Hartwell (petitioner)  §
V.                                §        PD# 0955-15        ORIGINAL
The State of Texas                §

From Appeal No. 13-14-00087-CR
From Cause    NO. D-1-DC-13-904031

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 30 2015

Abel Acosta, Clerk

## MOTION FOR REHEARING OF PETITION
## FOR DISCRETIONARY REVIEW

To The Honorable Judges OF The Court OF Appeals:

Comes now Ross Allen Hartwell, Petitioner, herein and respectfully Files this Motion for Rehearing of Petition for Discretionary Review per Rule 79.2(c) of the Rules of Appellate Procedure. And in support of this motion, Petitioner shows the court the following:

FILED IN
COURT OF CRIMINAL APPEALS

DEC 30 2015

Abel Acosta, Clerk

### I

The Petitioner was convicted in the 390th District Court of Travis County, Texas OF the Offense of Aggravated Robbery in cause number D-1-DC-13-904031 styled State of Texas V. Ross Allen Hartwell. The Petitioner appealed to the Thirteenth District Court of Appeals, the conviction was AFFIRMED and the sentence REVERSED on July 2, 2015. Petitioner, in a timely manner, (per mailbox rule on July 12, 2015; File stamped July 20, 2015), Filed a pro se Motion for Rehearing, in the The Thirteenth District Court of Appeals, but was DENIED on Grounds that Petitioner is not entitled to hybrid representation in that Court. Petitioner then filed a pro se Motion to Reinstate Motion for Rehearing. The Motion was then GRANTED and Petitioners Motion for Rehearing was DENIED on the merits, September 3, 2015. Finally, the Petitioner Filed his pro se Petition for Discretionary Review on September 16, 2015 and this, The Court of Criminal Appeals REFUSED on December 9, 2015.

### II

Petitioner respectfully moves this Court to rehear the Petition for Discretionary Review issues presented. In its decision, pertaining to Issue Two in the Appellant's Brief, the Thirteenth District Court of Appeals improperly applied <u>Garza V. State</u>, 213 S.W. 3d, 347-48 (Tex. Crim. App. 2007) and <u>Menefield V. State</u>, 363 S.W. 3d 591, 593

(Tex.Crim.App.2012) in order to DEFER the claim because "The reasons for trial Counsel's conduct do not appear in the record and it is possible that her conduct could have been grounded in legitimate trial strategy." (See GROUND I in P.D.R.)

When re-evaluating the specifics of the case at hand, Petitioner respectfully requests this Court to consider the following:

1. Defense Counsels sound strategy, before and after the conduct, is abundantly clear per the available record. Any variance from that strategy was "so outrageous that no competant attorney would have engaged in it." Jones v. State, No.-01-13-00920-CR (Ct. of App. 1st Dist. 2015) Tex. App. Lexis 3139

2. "Under the facts of the case", not challenging the prospective juror or at least asking rehabilitative questions "Would not have been acceptable trial strategy" Vasquez v. State, 830 S.W. 2d 948 (Tex.Cr.App. 1992) and "to hold Counsel ineffective is not speculation." Vasquez, 830 S.W. 2d at 950-1.

3. Any attempt to "justify [her] performance" in further proceedings whenever the "justification is not evident on the record and presented for the first time [ie, if deferred for collateral review]... have little value. Thus respecting the Supreme Courts caution in Strickland that 'the purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation" Virgil v. Dretke, 446 F 3d at 611 (5th Cir. 2006), Strickland v. Washington, 466 U.S. 668 @ 689 (1984)

Also, In the spirit of conserving Judicial resources, Petitioner is attempting to show this Court that under the circumstances presented, the direct appeal avenue was the correct one to persue his meritorious claim of ineffective assistance of Counsel. This principle was founded in Massaro v. U.S., 155 L.Ed 2d 714 at 722 (2003), which states "We do not hold that ineffective assistance of Counsel claims must be reserved for collateral review. There may be cases in which trial counsels ineffectiveness is so apparent from the record that appellate counsel will consider it advisable to raise on direct appeal"

Petitioner argues that when considering the present circumstances, letting the biased and unfair venireman go unchallenged or unquestioned for ANY reason "clearly indicates no reasonable attorney Could have made such trial decisions" Cambell v. State, 2 S.W. 3d 729, 734 (Tex. App. 14th Dist. 1999)

By defering this particular case for collateral review, the appellate Courts are causing "unnecessary" judicial redundancy and burden on the trial Courts of holding additional hearings in writ applications when no additional evidence is necessary to the ultimate disposition of the case" Thompson v. State, 9 S.W. 3d 808 at 817 (Myers, J. dissenting)

## III

Finally, When re-evaluating the specifics of the Petitions Grand II for review, Petitioner reminds this Court that any concession to the Thirteenth Courts acquiescence to the District Courts blatant violation of the Texas Rules of Evidence Rule 701

not only jeopardizes the task of jurys to come but would also obfuscate the idea of future jury trials altogether.

## NOT FOR DELAY CERTIFICATION

This Motion is grounded in the sound reasoning that a structural error has in fact occurred which then and therein did cause an unfair trial. Judicial resources would only be bogged down by further petitions, writs and motions if this Court does not review and form an opinion on the case at hand.

I Ross Allen Hartwell certifies that this Motion for Rehearing of Petition for Discretionary Review under Rule 79.2(c) of the Rules of Appellate Procedure is made in good faith and not for delay.

## PRAYER

Wherefore, premises considered, Petitioner herein prays that the Court would grant the Petitioners request to Rehear, Review and GRANT his Petition for Discretionary Review.

## AFFIDAVIT IN SUPPORT THEREOF

I Ross Allen Hartwell, TDCJ/ID Number 1893452, Petitioner Pro Se, in the above Motion, am currently incarcerated at the William P. Clements Unit of the Texas Department of Criminal Justice/Institutional Division, in Potter County, Texas. And do herein, freely and voluntarily, declare under penalty of perjury and the laws of the U.S. that the foregoing statements are true and correct, and that I have personal knowledge thereof.

Executed on this _20TH_ day of December, 2015

Respectfully

Ross Hartwell
TDCJ# 1893452
Bill Clements Unit
9601 Spur 591
Amarillo, Texas
79107-9606

# IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

Ross Allen Hartwell
(Petitioner Pro Se )
V.

The State of Texas

PD # 0955-15

---

## MEMORANDUM IN SUPPORT OF MOTION FOR REHEARING FOR PETITION FOR DISCRETIONARY REVIEW

### Introduction

I Ross Allen Hartwell, Petitioner in pro se have filed a Petition For Discretionary Review in response to the Thirteenth District Court of Appeals adverse opinion concerning Certain errors in his Appellants Brief. This memorandum is submitted in support of the Motion for Rehearing of the Petition for Discretionary Review.

### Statement of Facts

The two (2) Grounds listed in the Petitioners Petition for Discretionary Review Were argued through the Appellants (Petitioners) and Appellees (States) Briefs in the Thirteenth District Court of Appeals. The Thirteenth Court AFFIRMED the conviction and REVERSED the Sentence. The Petitioner argued his trial Counsel was ineffective for failure to strike or challenge a biased and unfair venireman. Petitioner DID show guiding Case law to support his claim for this particular instance. Petitioner did show where the direct appeal avenue is the correct one for this case. The State and the Thirteenth District Court disagreed by reasoning trial Counsels decision cald have been strategic motive. However, the record reflects the strategy and the State nor the Thirteenth Court takes the actual strategy into consideration but only pulls imaginative strategies out of the air in order to give Trial Counsel a free pass or erroneously states one does not exist.

Also, Petitioner claims that The Thirteenth Courts decision to allow, over petitioners courtroom objection, the 390th District Courts permitting of witness' testimony of anothers culpable mental state, is an unambiguous approval of a violation of Federal and Texas Rules of Evidence Rule 701.

## Argument

To not entertain the Petition for Discretionary review, the Court of Criminal Appeals only pushes the Petitioner and his allegations toward the habeas process and back into the original Court which advocated the unfair trial by not questioning the, improper by law, venireman in the first place. The Thirteenth Court of Appeals opinion, on the issue, made light of the venireman's statement by only alluding to a very small portion of the voir dire transcript. The Court then deferred or excused counsels action of not challenging or striking the impartial venireman by stating that it may have been strategy. Petitioner argues that because of his trial counsels strategy for eliminating a specific type of potential juror was made abundantly clear during the voir dire presentation, the Thirteenth Courts reasoning is unreasonable and unfounded. The Courts opinion excuses trial Counsels mistake or ineptness in not challenging, striking or bench questioning the venireman who defied the strategy and was, by law, unable to serve on a jury.

Petitioner feels that it would interest this court to bear with him by reading the portion of the voir dire presentation along with the reciprocally charged communications between his trial counsel and the venireman in question, which is concisely presented in the Petition for Discretionary Review. (See GROUND I per P.D.R.)

Also, if this Court allows for GROUND II of the P.D.R. to not be ruled on, the fundamental ideal of the trial by jury will change significantly, thus transferring decisions of law and evidence back to the witness' and accused. In this case, a Texas Rules of Evidence Rule 701 violation clearly occurred and was properly objected to. Never is the culpable Mental State of a person allowed to be determined by anyone except the trier of Fact. Yet in the 390th District Court, the complainant and the witness was allowed to testify to and determine the accused's culpable mental State. The Thirteenth District Court of Appeals then permitted this violation to stand and if this Court of Criminal Appeals does not properly attend to the complaint, then Justice will be taken out of the hands of jurys to come.

## CONCLUSION

The sphere of influence which insulates the type of behavior or omission, in this instance will only be further promoted without the Court of Criminal Appeals taking the reins of jurisdiction and acting as a fair arbitrator. For the foregoing reasons, Petitioner respectfully requests this Court to reconsider the Petition for Discretionary Review.

Sincerely

Ross Allen Hartwell

TDCJ#1893452

1893452

Ross Allen Hartwell
TDCJ # 1893452
Bill Clements Unit
9601 Spur 591
Amarillo, Texas
79107-9606

Legal

APARILLO T
22 DEC 2015

The Court of Criminal Appeals
OF Texas
Supreme Court Bldg.
201 W. 14th St. Rm. 106
P.O.Box 12308
Austin, Texas
78711-2308

Legal